Juan Carlos PENA–BUSTAMANTE, also know as Iglesias Pena Oscar Ivan, Sandra Patricia Gonzalez–Chavez, Daniela Gonzalez–Chavez, Petitioners,

v.

Alberto GONZALES,* Attorney General of the United States, Respondent.

No. 04–3262–AG.

United States Court of Appeals, Second Circuit.

Jan. 23, 2006.

Troy A. McKenzie, Debevoise & Plimpton LLP, New York, New York, for Petitioners.

---

* Alberto R. Gonzales is automatically substituted for his predecessor, John Ashcroft, as Attorney General of the United States pursuant to Federal Rule of Appellate Procedure 43(c)(2).

Virginia A. Gibson, Assistant United States Attorney, (Patrick L. Meehan, United States Attorney, Richard M. Bernstein, Assistant United States Attorney, on the brief), Philadelphia, Pennsylvania, for Respondent.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. JON O. NEWMAN, and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED** that the petition for review is **GRANTED**, the decision of the Board of Immigration Appeals ("BIA") is **AFFIRMED** in part, **VACATED** in part, and the case is **REMANDED** to the BIA.

Petitioners Juan Carlos Peña–Bustamante, his common law wife Sandra Patricia González–Chávez, and their minor daughter Daniela González–Chávez seek review of a May 11, 2004, order of the BIA vacating the October 22, 2001, decision of an Immigration Judge ("IJ") granting petitioners' request for asylum. The BIA, while accepting the IJ's finding that all evidence submitted by petitioners was credible, found that petitioners had failed to establish past persecution or a well-founded fear of persecution on account of one of the five grounds enumerated in section 101(a)(42) of the Immigration and Nationality Act ("INA"). Petitioners argue that the BIA (1) erred in denying petitioners' claim that they were persecuted based on imputed political opinion; (2) erred in failing to grant relief to petitioners due to past persecution based on Peña–Bustamante's membership in a particular social group; (3) abused its discretion by permitting the Government to submit an untimely brief; and (4) erred in denying petitioners' request for withholding of removal and relief under the Convention Against Torture ("CAT"). We assume familiarity with the facts and procedural history.

Persecution on the basis of political opinion imputed to an asylum-seeker by his persecutor can constitute persecution within the meaning of the INA. *Chun Gao v. Gonzales*, 424 F.3d 122, 129 (2d Cir. 2005). The IJ's failure to analyze an asylum claim based on imputed political opinion is sufficient reason to remand the case to the BIA. *Id.* at 130.

■ In the proceedings below, petitioners raised a claim of persecution based on imputed political opinion, that is supported by uncontroverted evidence in the record. Nonetheless, both the IJ and the BIA analyzed petitioners' claim as if it were based solely on Peña–Bustamante's membership in the particular social group of former policemen. Given the evidence in support of Peña–Bustamante's claim that he was persecuted on the basis of an imputed political opinion, the BIA's failure to consider that claim constitutes sufficient reason to remand the case to the BIA.

Even if the BIA's decision can be read as having addressed petitioners' imputed political opinion claim, it must be remanded nonetheless. When a BIA decision denying relief fails "to acknowledge, much less evaluate" evidence relevant to a petitioner's claim, that claim should be remanded. *Tian–Yong Chen v. INS*, 359 F.3d 121, 127 (2d Cir.2004).

■ In this case, the BIA not only failed to consider evidence in support of Peña–Bustamante's claim based on imputed political opinion, but also stated that he had "failed to offer any evidence tending to establish that the paramilitary groups attempting to recruit him were even partially motivated by a desire to punish him for a ground enumerated in the [INA]." The

record, however, reveals evidence that Peña–Bustamante's persecution by the paramilitary groups attempting to enlist him were motivated, at least in part, by imputed political opinion. First, Peña–Bustamante expressly told the paramilitaries that he did not want to join them because he did not believe in their cause. Second, the paramilitaries accused Peña–Bustamante of sympathizing with the guerrillas because he would not join them and threatened to kill him when continued to refuse to join them. Finally, Peña–Bustamante's wife received a phone call from the paramilitaries in which they told her that they were going to find out "one way or another" to which group Peña–Bustamante belonged. Petitioners also offered evidence of persecution on account of political opinion based on their ties to González–Chávez's family. The BIA dismissed this evidence as "remote," rendering a claim tied to it as "speculative." In making this determination, however, the BIA considered only the deaths of González–Chávez's step-father and step-uncle in 1990. It failed to recognize the evidence showing more recent persecution of González–Chávez's family, such as threatening phone calls to González–Chávez's mother accusing her family of sympathizing with the army, and the murder of González–Chávez's sister's husband in which a threat against "snitches" was found with his body. Given the record evidence in support of Peña–Bustamante's claim that he was persecuted on the basis of an imputed political opinion, the BIA's failure to consider this evidence in evaluating petitioners' asylum request requires us to remand this case to the BIA.**

** We also note that Ms. González–Chávez's sister apparently has been granted asylum on the same evidence of family persecution by the guerrillas that petitioners present here.

Petitioner also argues that he is entitled to asylum on account of membership in a particular social group, former police trainees. Persecution on account of a ground protected by the INA "does not mean persecution *solely* on account of [that protected ground]." *Osorio v. INS,* 18 F.3d 1017, 1028 (2d Cir.1994) (emphasis in the original). The BIA agreed that Peña–Bustamante's status as a former police academy trainee placed him in a particular social group but found that the paramilitary groups' purpose in intimidating Peña–Bustamante was to convince him to help them in their military efforts. In making that finding, however, the BIA cites no evidence and ignores the uncontroverted evidence offered by petitioners that the paramilitaries sought him out, at least in part, because of his status as a former police trainee. Because the BIA ignored uncontroverted evidence that Peña–Bustamante's membership in a particular social group was a motivating factor in his persecution, this claim also must be reconsidered on remand.

Petitioner next argues that the BIA abused its discretion in allowing the Government to file an untimely appeal brief. The BIA has discretion to consider briefs filed out of time. 8 C.F.R. § 1003.3(c). The BIA abuses its discretion, however, when its decision provides "no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains summary or conclusory statements." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted). The BIA's policy is that extension requests must be received before the expiration of the initial briefing schedule. The Govern-

On remand, the BIA should consider the petitioners' arguments in light of this previous grant of asylum.

ment did not request an extension of the briefing schedule until February 5, 2004, more than six weeks after the December 19, 2003, deadline set by the BIA. Despite petitioners' objection to this untimely filing, the BIA provided no explanation and gave no reasons for permitting the Government to file an untimely brief. On remand, the BIA should provide a reasoned explanation for its decision to depart from its ordinary practices.

█ Finally, petitioners argue that the BIA's denial of their withholding of removal and CAT claims should be vacated. For all the reasons requiring a reconsideration of petitioners' asylum claims, their withholding of removal claim also should be reconsidered. As to petitioners' CAT claim, for an act to qualify as torture, it must be done "by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1). A government's inability to control certain persons is not tantamount to acquiescing in their acts of torture. *Matter of S–V–*, 22 I & N Dec. 1306, 1312, 2000 WL 562836 (BIA 2000). Because the groups responsible for Peña–Bustamante's mistreatment were not acting with the consent or acquiescence of a public official, the dismissal of petitioners' CAT claim is affirmed.

For the reasons set forth above, the petition is **GRANTED**, the decision of the Board of Immigration Appeals is hereby **AFFIRMED** in part, **VACATED** in part, and the case is **REMANDED** for further proceedings consistent with this order.